UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP LOUDFOOT                 :
                                :
     v.                         :       Case No. 3:08cv285(WWE)
                                :
OFFICER S. MOYER, et al.        :

RULING AND ORDER

Pending are plaintiff's motions for appointment of stand-by counsel and advancement of fees for a private investigator, and defendants' motion for leave to depose plaintiff. For the reasons that follow, plaintiff's motions will be denied and defendants' motion will be granted.

I.  Motion for Appointment of Stand-by Counsel [Doc. #11]

Plaintiff seeks appointment of stand-by counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit Court of Appeals has repeatedly cautioned district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997). The Court of Appeals has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel on his own. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Plaintiff fails to indicate that he has made any attempts to obtain representation or legal assistance on his own. Thus, his request for court-appointed counsel will be denied

without prejudice as premature. If plaintiff refiles his motion at a later stage of litigation, he must demonstrate that he is unable to obtain representation or legal assistance on his own, by documenting his efforts to obtain pro bono counsel.

II. Motion for Funds for Private Investigator [Doc. #10]

Plaintiff also asks the Court to provide him funds to retain a private investigator. Although plaintiff was granted leave to file this action in state court without payment of the filing fee, he did not move to proceed in forma pauperis in this Court after defendants removed the case from state court to federal court. Even if he had been granted leave to proceed in forma pauperis, 28 U.S.C. § 1915 does not authorize payment of discovery expenses by the court. Beard v. Stephens, 372 F.2d 685 (5th Cir. 1967). Plaintiff's request for funds will be denied.

III. Motion to Depose Plaintiff [Doc. #12]

Defendants seek leave of court to depose plaintiff. Defendants' motion is granted. Defendants are directed to contact prison officials to set a date and make arrangements for the deposition.

IV. <u>Conclusion</u>

Plaintiff's motion for appointment of counsel [**doc. #11**] is **DENIED** without prejudice as premature. Plaintiff's motion for funds to retain a private investigator [**doc. #10**] is **DENIED**. Defendants' motion for leave to depose plaintiff [**doc. #12**] is **GRANTED**.

**SO ORDERED** this _18th___ day of August 2008 at Bridgeport, Connecticut.

                                        /s/

                              Warren W. Eginton
                              Senior United States District Judge