**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PHILIP LOUDFOOT, | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:08-cv-285 (WWE) |
| | : |
| OFFICER S. MOYER, TOWN OF | : |
| GLASTONBURY POLICE DEPARTMENT | : |
| and TOWN OF GLASTONBURY, | : |
|     Defendants. | : |

**MEMORANDUM OF DECISION ON
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

This action arises from plaintiff Philip Loudfoot's claims that defendants Town of Glastonbury, Town of Glastonbury Police Department and Officer S. Moyer falsely arrested him. Loudfoot also asserts a claim of intentional infliction of emotional distress. Now pending before the Court is defendants' Motion for Summary Judgment (Doc. #18). For the following reasons, the motion will be granted, absent objection and on the merits.

The Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 as to plaintiff's federal law claim and pursuant to 28 U.S.C. § 1367 as to plaintiff's state law claim.

1

# BACKGROUND

Defendants have submitted a brief, a stipulation of facts and supporting exhibits.[1] This evidence reflects the following factual background.

On August 31, 2006, at approximately 10:23 a.m., an unnamed citizen called defendant Glastonbury Police Department and reported a physical altercation between two men in front of 2928 Main Street in Glastonbury. The caller described one man as white and the other as black and wearing a long black trench coat. Defendant Officer Steven Moyer, along with other officers, responded to the scene. Upon arriving at the scene, Moyer saw two males separated. A black male, later identified as Sylvanus Cooper, was speaking to Sergeant Roy, while a white male, later identified as plaintiff, was speaking with Officer Barratt. Moyer observed a witness, later identified as Jose Vazquez, standing off to the side. Moyer also observed that there was an empty coffee cup on the ground and a half-eaten Snickers bar. The area around the coffee cup was wet as though liquid had recently been spilled.

Sergeant Roy and Officer Carroll spoke with Mr. Cooper who described what he had witnessed. Cooper gave a statement to the police officers in which he stated that about 10:00 a.m., he observed a white man wearing a blue shirt sitting on the curb across the street from McDonald's Restaurant. Cooper further asserted that he saw the

---

[1] Plaintiff has not filed any response to the motion despite a notice having been filed by defendants at the same time as their motion (Doc. #19) and one issued by the Court on October 20, 2008 (Doc. #20). See Ruotolo v. Internal Revenue Serv., 28 F.3d 6, 8 (2d Cir. 1994) (district court has obligation to make certain that pro se litigants are aware of and understand the consequences of failing to comply with the Local Rules). Pursuant to Local Rule of Civil Procedure 56(a)(1), the Court will accept the material facts asserted in the statement of facts and supported by evidence as admitted by plaintiff.

man yell at a McDonald's employee who was outside. As Cooper walked down the street, he states that the man yelled "fuck you nigger" at Cooper while he passed. Cooper claims that he stopped, asked the man what he said and the man called him a "nigger." The man, according to Cooper's statement, then stood up, got into a "fighting stance" and took a "swing" at him. Cooper tossed his coffee at the man and proceeded to fight back.

Plaintiff gave a statement to defendant Moyer in which he stated that he was at the bus stop across from the McDonald's when a black man walked by. Plaintiff asserts that he asked the man when the next bus would arrive, and the man responded, "Don't bother me mother fucker." When plaintiff asked if the man was having a bad day, plaintiff claims, the man responded "I'll show you a bad day," and threw his coffee cup at him before assaulting him.

Officer Barratt spoke to Vazquez who corroborated Cooper's story. Believing that he had probable cause to arrest plaintiff for (1) Breach of the Peace in the Second Degree, Conn. Gen. Stat. § 53a-181, (2) Intimidation Based on Bigotry or Bias in the Second Degree, Conn. Gen. Stat. § 53a-181k, and (3) False Statement in the Second Degree, Conn. Gen. Stat. § 53a-157b, Moyer arrested plaintiff. Cooper was told that he was free to leave the area.

Plaintiff admitted in his deposition that he was an "active alcoholic" and had shared a half-pint of vodka in the morning prior to the incident on August 31. Further, he had been diagnosed as bipolar, but could not recall if he was taking medication for that condition on August 31.

On March 27, 2007, plaintiff pleaded guilty to the charges stemming from the

incident and was sentenced to prison. He filed the instant action in Connecticut Superior Court, from where it was removed to this Court.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

Defendants move for summary judgment on plaintiff's claim of false arrest asserting that (1) there existed probable cause for Officer Moyer to arrest plaintiff; (2) plaintiff has pleaded guilty to the charged crimes; and (3) defendant Moyer is protected by qualified immunity.

The Fourth Amendment to the United States Constitution as well as Sections 7

and 9 of Article One of the Connecticut Constitution guarantee that an individual shall not be arrested without probable cause. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); see also Saliby v. Kendzierski, 407 F. Supp. 2d 393, 398 n.2 (D. Conn. 2006) (noting that claims made under the Fourth Amendment and Article One are subject to the same analysis). This right is violated when an "officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause." Soares v. Connecticut, 8 F.3d 917, 920 (2d Cir. 1993). The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994).

Probable cause "to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant, 101 F.3d at 852. A reviewing court must examine "those facts available to the officer at the time of the arrest and immediately before it." Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996). "[R]ecklessness may be inferred where the omitted information was critical to the probable cause determination." Golino v. New Haven, 950 F.2d 864, 871 (2d Cir. 1991). Further, where there has been a valid conviction, a plaintiff may not challenge his arrest as lacking probable cause. See Batts v. Jagoda, 1998 U.S. Dist. LEXIS 2362, *8 (D. Conn. Jan. 26, 1998); Clewley v. Brown Thomson, Inc., 120 Conn. 440, 444 (1935).

Here, it is apparent that Officer Moyer, together with other members of the

5

Glastonbury Police Department, conducted an on-the-spot investigation and reasonably relied on the witnesses' statements to conclude that there was probable cause to arrest plaintiff. In addition, because plaintiff was validly convicted of the charged crimes, he cannot maintain a claim for false arrest.

Defendants also move for summary judgment on plaintiff's apparent claim of intentional infliction of emotional distress. To prevail on this claim, plaintiff must establish (1) that defendants intended to inflict emotional distress or knew or should have known that their conduct would likely result in emotional distress; (2) that the conduct was extreme and outrageous; (3) that the conduct in question was the cause of plaintiff's distress; and (4) that the emotional distress experienced by plaintiff was severe. Appleton v. Board of Education of Town of Southington, 254 Conn. 205, 210 (2000). In addition, mere participation in an arrest cannot support a claim for intentional infliction of emotional distress. Winter v. Northrop, 2008 U.S. Dist. LEXIS 10203, *20 (D. Conn. Feb. 12, 2008).

Based on the record before the Court at the present time, there is no evidence that defendants acted in an extreme or outrageous manner. Therefore, summary judgment is appropriate on this charge.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment (Doc. #18). The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 20th day of November, 2008.

/s/
Warren W. Eginton
Senior United States District Judge